443 N.E.2d 820 (1983)
Robert Lee AIKINS, Jr., Appellant (Defendant below),
v.
STATE of Indiana, Appellee (Plaintiff below).
No. 882S292.
Supreme Court of Indiana.
January 6, 1983.
William L. Soards, Soards & Carroll, Indianapolis, for appellant.
Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.
HUNTER, Justice.
The defendant, Robert Lee Aikins, Jr., was convicted of burglary, a Class A felony, at the conclusion of a bench trial. Ind. Code § 35-43-2-1 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for a period of twenty-five years. In his direct appeal, he presents the following issues for our review:
1. Whether the evidence was sufficient to support his conviction; and
2. Whether the trial court erred when it permitted a state's witness to testify without a proper foundation for the testimony. The record reveals that on December 5, *821 1981, Andrew Christie was beaten about his face and head by two intruders whom he discovered in his Indianapolis home. The subsequent police investigation culminated in the arrest of defendant and his friend, Anthony Slayton; the fifteen year old Slayton entered a plea with the state, whereby he eventually testified against defendant in the proceedings which culminated in the conviction at issue.

I.
Defendant maintains the evidence presented at trial is insufficient to support his conviction for burglary as a Class A felony. He specifically argues that there is no evidence to establish that he possessed the intent to commit a felony inside the Christie residence at the time he broke and entered the home, as required to sustain a burglary conviction. Ind. Code § 35-43-2-1, supra; Meadows v. State, (1981) Ind., 428 N.E.2d 1232. As an appellate tribunal, this Court is not permitted to weigh the evidence or judge the credibility of witnesses when confronted with a challenge to the sufficiency of the evidence. Rather, we are required to examine the evidence most favorable to the fact finder's verdict, together with the inferences which reasonably may be drawn therefrom. If, from that view-point, there is substantial evidence of probative value to support the conclusion that defendant is guilty beyond a reasonable doubt, the fact finder's conclusion will not be disturbed. Easley v. State, (1981) Ind., 427 N.E.2d 435; Moon v. State, (1981) Ind., 419 N.E.2d 740. We apply the standard whether the evidence is circumstantial or direct. Easley v. State, supra; Meadows v. State, supra.
Here, the record reveals that accomplice Slayton testified he and defendant had broken into the victim's home to "Find some money." He testified that during their search through the home, they discovered a set of knives but found no money. Their search was interrupted by the return of Christie to his home. According to Slayton, he and defendant beat the seventy-eight year old Christie about the head with sticks and fled; Slayton testified defendant told him that he had taken some knives from the house.
Christie, who was hospitalized for a period of three days as a result of the beatings, testified that when he entered the home, the two intruders were "going through some boxes that was in the house of stuff that I had, that I just received." He could not positively establish whether any of his property was taken by the intruders. He stated he "thought" one of his knives was missing after the incident; police had informed that a knife was discovered in the alley behind his residence. At trial, the victim Christie identified defendant as one of the perpetrators; he also identified defendant's photograph in a pretrial photographic array.
Notwithstanding the nebulous nature of the evidence regarding whether any property was in fact taken from the Christie residence, the evidence is sufficient to support the conclusion that at the time defendant broke and entered the apartment, he possessed the intent to commit the felony of theft therein. It is true that the mere breaking of a dwelling house does not establish the intent to commit a felony therein; the intent, however, can be inferred from other evidence. Meadows v. State, supra; Anderson v. State, (1981) Ind., 426 N.E.2d 674. Here, the testimony of accomplice Slayton expressly indicated that he and defendant went to Christie's residence to "Find some money." Coupled with this testimony is evidence that defendant and Slayton gained entry by breaking a window and were rummaging through Christie's possessions when he arrived home. This evidence is sufficient to sustain the fact finder's conclusion that defendant broke and entered with the intent to commit a felony. Meadows v. State, supra; Menefee v. State, (1981) Ind., 417 N.E.2d 302; Raymer v. State, (1978) 177 Ind. App. 696, 381 N.E.2d 109. There was no error here.

II.
Defendant also maintains that a proper foundation was not established by the state *822 for the admission of accomplice Slayton's testimony. His contention concerns the plea agreement which was executed by the state in return for Slayton's testimony. It is true, as defendant has argued, that this Court has often emphasized that insofar as the testimony of an accomplice as a state's witness is concerned, "`the fact finding body should have before it all the relevant circumstances that caused or induced such witness to testify, including the rewards for such testimony.'" Menefee v. State, supra, 417 N.E.2d at 304, quoting Newman v. State, (1975) 263 Ind. 569, 572, 334 N.E.2d 684, 686-7. Defendant acknowledges, however, that the state did fully disclose the details of the plea agreement, including the inducements for Slayton to testify; in turn, defendant abandons his contention that the testimony was inadmissible and transforms his argument into one aimed at the credibility of Slayton. He maintains that due to the plea agreement and Slayton's own testimony that he participated in the burglary and beating of Christie, Slayton's testimony is not entitled to any credibility.
It is true that the testimony of an accomplice should be highly scrutinized. Newman v. State, supra. It is for that reason that full disclosure of any agreements between the accomplice and the state is required. Id. Where, as here, full disclosure occurs, the credibility and weight to be accorded the accomplice's testimony is a matter for the fact finder to assess. Menefee v. State, supra; Newman v. State, supra. Nor do we perceive how Slayton's admission that he also participated in the beatings renders his testimony incredible. However the admission  or the act admitted  might be characterized, it would not in and of itself require Slayton's testimony to be excluded from consideration on the basis that it was inherently incredible. See Gaddis v. State, (1969) 253 Ind. 73, 251 N.E.2d 658; Penn v. State, (1957) 237 Ind. 374, 146 N.E.2d 240. We note that in conjunction with his attack on the credibility of Slayton, defendant has maintained that his conviction rests exclusively on the testimony of Slayton. That is not the case, as we explained in our discussion of Issue I.
For all the foregoing reasons, there was no trial court error and its judgment should be affirmed.
Judgment affirmed.
GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.