James **COOPER**, a/k/a Robert Merriwhether, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 683 S 200.

Supreme Court of Indiana.

April 19, 1984.

Law Office of Dock McDowell, Jr., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James Cooper, also known as Robert Merriwhether, was convicted by a jury in the Lake Superior Court of class B felony burglary. The trial court subsequently sentenced him to seventeen years imprisonment. Appellant now directly appeals and raises the following three issues:

1. sufficiency of the evidence;

2. whether the trial court erred by permitting testimony about a subsequent conversation between Appellant and the victim; and

3. whether Appellant's sentence was unconstitutional.

The facts adduced at trial show that Rena Oliver observed two men moving around her neighbor's house in Gary on October 16, 1979. Oliver continued to observe the two and watched them enter the house through a side window whereupon she called the police. Several police officers arrived at the scene. Officer Dennis Davis observed that the side window pane was knocked out and that the side door was ajar. He entered the house and observed Appellant standing inside. Appellant's accomplice subsequently was discovered hiding in a closet. The owner of the house, Britt Reese, testified that he found his bedroom in disarray as drawers had been pulled out and his personal property strewn about. A television set and stereo system had been moved to the middle of his den.

## I

The State in this case had the burden of proving beyond a reasonable doubt that Appellant broke and entered another's dwelling with the intent to commit a felony therein. Appellant now claims that there was insufficient evidence by which the jury could infer that he had the requisite intent. This Court has held that the "intent to commit a felony" element of burglary can be inferred from the time, force and manner of entry if there is no evidence that the entry was made with some lawful intent. *Blow v. State*, (1983) Ind., 445 N.E.2d 1369; *Lisenko v. State*, (1976) 265 Ind. 488, 355 N.E.2d 841. Moreover, a person may be convicted of burglary if he breaks and enters with the intent to commit a felony even though that person does not actually commit a theft or other felony. *Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893. In the instant case, Appellant was unlawfully inside another's dwelling with the other's personal property unusually located in the middle of one room. A broken side window indicated an entry by force. We find ample evidence from which the jury reasonably could infer that Appellant had the requisite intent to commit theft inside the dwelling he had broken into and entered. There is no error.

## II

Appellant next contends that the trial court erred by permitting victim Reese to testify about a telephone conversation he had with Appellant approximately two and one-half years after the instant burglary and just prior to Appellant's trial. Reese specifically testified, over Appellant's objection, that Appellant called him at home, "introduced himself as being Robert Merriwhether, the one that broke into my home, and asked me to drop the charges against him."

It is well-settled that evidence which has some tendency to establish the existence or non-existence of a fact at issue is regarded as relevant. *White v. State*, (1981) Ind., 425 N.E.2d 95. Appellant's only objection to Reese's testimony about Appellant's telephone conversation with him was that said testimony would be irrelevant. Since Appellant's incriminating admission to Reese clearly tended to make more probable the facts required to convict Appellant of burglary, we find that Reese's testimony about Appellant's conversation was relevant. The trial court therefore correctly overruled Appellant's objection as made.

Appellant now would also argue that Reese's testimony about Appellant's telephone conversation should have been excluded as unjustified hearsay. We note that Appellant waived this particular argument by not presenting it to the trial court. *Spivey v. State*, (1982) Ind., 436 N.E.2d 61. We also note, notwithstanding Appellant's waiver, that Reese's testimony about Appellant's out of court statement to him was properly received into evidence as testimony about the admission of the defendant.

### III

Appellant lastly argues that the trial court abused its discretion by sentencing him to seventeen years for his class B felony conviction. The determinative sentence for a class B felony is ten years with not more than ten years added for aggravating circumstances. Ind.Code § 35–50–2–5 (Burns 1979). In the instant case, the trial judge sentenced Appellant as follows:

> "I now find that the defendant has two, prior, unrelated felony convictions, and find that those matters are aggravating circumstances. And I find nothing in mitigation in this case. The Court will now sentence you to a term of 17 years, and order you committed to the Department of Corrections for assignment to a proper institution."

The Record further indicates that Appellant was convicted of robbery in 1976 and of illegally possessing a handgun in 1980.

Previous unrelated felony convictions constitute a proper ground for sentence aggravation. Ind.Code § 35–4.1–4–7(c)(2) [§ 35–50–1A–7(c)(2) (Burns 1979) (repealed effective September 1, 1983)]. We find no error. We also find that Appellant's Eighth Amendment claim must fail because Appellant has not demonstrated how his sentence represents cruel and unusual punishment. Appellant merely asserts: "The punishment imposed in the instant case is grossly out of proportion to the severity of the crime." There is no error.

The trial court is affirmed in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.