Homer T. RICHARDS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 184S32.

Supreme Court of Indiana.

Aug. 21, 1985.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial, Defendant (Appellant) was convicted of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1984 Cum.Supp.), and sentenced to fifteen (15) years imprisonment. This direct appeal presents several contentions which we restate as the following two issues:

1. Whether the trial court erred in giving the jury two final instructions concerning accomplice liability.

2. Whether the evidence was sufficient to sustain the conviction.

We find no reversible error and affirm the judgment below.

The record reveals that Defendant and a companion were observed in an apartment in Fort Wayne. Defendant was apprehended when he attempted to leave the apartment and his companion was arrested inside. Police discovered that the front door had been broken in, and found a freezer standing open. On the floor inside, police found a pillowcase, which belonged to the owner of the apartment, with some food in it which had been taken from the apartment.

## ISSUE I

Defendant raises interrelated contentions alleging that the trial court erred in giving its final instructions No.'s 6 and 7, which had been tendered by the State. We find no error.

Final Instruction No. 6 informed the jury that when an accused and another are engaged in an unlawful act, the accused is liable for the actions taken by the confederate, and that Defendant's participation could be inferred from the surrounding facts and circumstances should the jury so find. Final Instruction No. 7 informed the jury that they could consider presence at the crime scene along with other circumstances, in particular Defendant's activities with his confederate immediately before and after the crime, in evaluating Defendant's guilt. Although Defendant's arguments are not entirely clear, he apparently claims that these instructions, in light of the conclusive evidence of his presence at the apartment when police arrived, shifted the burden of proof to him to demonstrate his nonparticipation in the break-in. Defendant further argues that the instructions should not have been given because he had been charged as a principal, not as an accomplice. We do not agree with these contentions.

▆ Ind.Code § 35–41–2–4 (Burns 1979 Repl.) provides:

"A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) Has not been prosecuted for the offense;

(2) Has not been convicted of the offense; or

(3) Has been acquitted of the offense." Under this statute, when confederates combine to commit an offense, each is responsible for the acts committed in furtherance of their common design. *Cary v. State* (1984), Ind., 469 N.E.2d 459, 461; *Hogan v. State* (1980), 274 Ind. 119, 122, 409 N.E.2d 588, 590. Furthermore, instructions must be considered as a whole, with reference to each other, in determining whether the trial court erred in charging the jury. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, 1102; *Choate v. State* (1984), Ind., 462 N.E.2d 1037, 1041.

■ Read in light of these principles, the instructions did not require Defendant to prove his innocence. The trial judge in other instructions carefully informed the jury that the State was required to establish Defendant's guilt beyond a reasonable doubt, and that Defendant was not required to prove or explain anything. The challenged instructions properly informed the jury that in reaching their decision they should consider all the circumstances, including Defendant's activities with his confederate immediately before and after the crime. The instructions were correct statements of the law, and did not shift the burden of proof to Defendant..

■ Defendant also contends that the instructions should not have been given because they concerned the liability of accomplices when he had been charged as a principal. However, under Ind. Code § 35-41-2-4 one who causes another to commit an offense or aids in its commission may be prosecuted and held liable as a principal. *See, e.g., Bean v. State* (1984), Ind., 460 N.E.2d 936, 942; *Harris v. State* (1981), Ind., 425 N.E.2d 154, 156. The trial court did not err in giving the challenged instructions.

### ISSUE II

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses."

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Under this standard the record contains sufficient evidence to sustain the conviction.

Ind.Code § 35-43-2-1 (Burns 1984 Cum. Supp.) provides in pertinent part:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony ... if the building or structure is a dwelling(.)"

Defendant was charged with "breaking and entering" the apartment with intent to commit theft, which is a class D felony. See Ind.Code § 35-43-4-2 (Burns 1979 Repl.). Defendant concedes that he was discovered inside the apartment, and that the door had been broken in. However, he argues that the evidence failed to demonstrate that he, as opposed to his companion, committed the "breaking" when he entered the apartment.

■ Defendant correctly argues that his mere presence at the scene of a crime is not sufficient to sustain a conviction. However,

"such presence may be considered with all other evidence to determine guilt. A trier of fact may infer participation from a defendant's failure to oppose the crime, companionship with one engaged therein, and a course of conduct before, during, and after the offense which tends to show complicity. While the State must sustain its burden of proof on each element of an offense charged, such elements may be established by circumstantial evidence and the logical inferences drawn therefrom." (Citation omitted.)

*Harris*, 425 N.E.2d at 156. Furthermore, as previously stated, an accomplice is re-

sponsible for the acts of his confederate under Ind.Code § 35–41–2–4.

In this case Defendant was discovered inside a dwelling where he had no right to be. The door had been broken in. Police, after apprehending Defendant and his companion, discovered an open freezer inside the apartment. Defendant attempted to flee when the officers arrived. From this evidence the jury properly could have concluded that Defendant had the intent to commit a theft inside the apartment at the time either he or his companion broke the door; and, under these circumstances, it is immaterial which of the two did the actual breaking. In a recent case presenting very similar facts we rejected the same contention that Defendant makes here—that the evidence showed the confederate, not the defendant, committed the burglary when both were discovered inside a dwelling. *See Sizemore v. State* (1985), Ind., 480 N.E.2d 215, 217–218. We also conclude in this case that the evidence was sufficient to sustain the conviction.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.