**Glen A. PRATT, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 585 S 203.

Supreme Court of Indiana.

May 15, 1986.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Glen Pratt was convicted after trial by jury of burglary, a class B felony, Ind. Code § 35–43–2–1 (Burns 1985 Repl.), and was sentenced to a term of imprisonment of 20 years. In this direct appeal, he raises the following issues:

1. Whether the court erred in refusing his tendered instructions on the crime of burglary; and,

2. Whether the evidence was sufficient to sustain the conviction.

We affirm.

## I. *Instructions*

Indiana's criminal code defines the offense of burglary as follows:

> A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary....
> Ind. Code § 35–43–2–1 (Burns 1985 Repl.).

The court so instructed the jury, refusing Pratt's tendered instruction which read:

> To sustain the charge of burglary, the State of Indiana must prove ... that the defendant *knowingly or intentionally* broke and entered the dwelling ... with the intent to commit the felony of theft. [Emphasis added.]

Pratt claims the court's instruction was inadequate because it did not convey the notion that the breaking and entering must be a voluntary act of general intent. He argues it was error not to instruct the jury that burglary consists of an *intentional* breaking and entering coupled with the specific intent to commit a felony inside. Arguing that his use of alcohol on the day of the burglary rendered him incapable of forming the requisite intent to commit a crime, he claims the jury was not instructed on the essential element of *mens rea.*

The purpose of instructions is to inform the jury of the law applicable to the case in such a way that it will not be misled and will arrive at a just, fair, and correct verdict. *Malo v. State* (1977), 266 Ind. 157, 361 N.E.2d 1201. The jury was instructed as to the statutory elements of burglary, including the specific intent to commit a felony necessary to support a burglary conviction. We do not perceive how it could have been misled by the court's refusal to instruct that the breaking and entering element of burglary must also be an intentional act.

Keeping in mind Pratt's intoxication defense, we note that in order to prove burglary, the State was obligated to do more than demonstrate that Pratt was mentally capable of entertaining general intent to break and enter. Rather, the State had to prove that he was capable of and did entertain a more complex intellectual thought, specific intent to commit a felony once inside. Subsumed in the finding of specific

intent is a finding of capacity for general intent to break and enter. One cannot be so intoxicated as to *unintentionally* break and enter and at the same time harbor the intent to commit a certain act inside. Proof of the specific intent is *ipso facto* proof that the breaking and entering was intentional.

We find no error here. The court properly instructed the jury.

## II. *Sufficiency of the Evidence*

■ Pratt argues the evidence was insufficient to convict him of burglary. We will neither reweigh the evidence nor judge the credibility of witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260. Looking only to the evidence most favorable to the State, we will not disturb a judgment of conviction where the trier of fact heard substantial evidence of probative value on each element of the crime charged. *Williams v. State* (1982), Ind., 433 N.E.2d 769.

The State established that on April 8, 1984, the residence of Paul Stoltzfus was broken into and several guns were stolen. State's witness Burley testified that he and Pratt spent that day drinking heavily and smoking marijuana. The topic of discussion eventually turned to means of "making" money. Burley was a neighbor of the Stoltzfuses and, knowing they were out of town, he suggested burglarizing their residence. Pratt agreed.

Burley testified that he removed the screen from a window and that Pratt broke the glass to gain entry. Pratt bundled the guns in a bedspread, and the two fled when headlights appeared outside. Several witnesses testified that Pratt had possession of the guns after the burglary and that he mentioned breaking into a house. The stolen guns were found in a search of an automobile belonging to Pratt's mother.

The foregoing evidence sufficed to prove beyond a reasonable doubt that Pratt broke into the Stoltzfus house and entered with the intent to commit theft. Pratt argues that, although he was shown to have possessed the stolen goods, only Burley's testimony implicated him in the act of breaking

and entering. Nevertheless, Burley's testimony alone was enough to sustain the conviction. *Didio v. State* (1984), Ind., 471 N.E.2d 1117.

■ Pratt goes on to argue that the evidence of his intoxicated state at the time of the crime negated the element of criminal intent, rendering his conviction contrary to law. Pratt is correct that in Indiana voluntary intoxication is a defense to any crime, if it is shown that the defendant was, by his intoxication, *non compos mentis*. *Terry v. State* (1984), Ind., 465 N.E.2d 1085. However, whether or not Pratt's intoxication prevented him from forming the requisite *mens rea* was a question of fact upon which he bore the burden of proof. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. As a general rule, one who is shown to have been able to form a plan and carry it out by instructing others, operating equipment or accomplishing other physical or intellectual acts, will not be relieved of criminal responsibility via a defense of voluntary intoxication. *Terry v. State, supra,* 465 N.E.2d at 1088.

Although the evidence was that Pratt and Burley had been drinking beer and smoking marijuana all day before the burglary, Pratt's girlfriend testified he was drunk, but "not real drunk". Burley testified that *he* was not so intoxicated that he did not realize what he was doing. He and Pratt were able to gain quick entry into the house, gather up valuables, and leave hurriedly when a car approached. Afterward, Pratt drove his girlfriend home.

The jury reasonably concluded that Pratt harbored the requisite criminal intent despite his claim of intoxication.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.