**Roger Dale SIPES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 785S299.

Supreme Court of Indiana.

April 7, 1987.

Priscilla L. Seaborg, Monroe County Deputy Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a verdict of guilty of Burglary, a Class B felony. Appellant was sentenced to twelve (12) years imprisonment.

The facts are: During the early morning hours of July 2, 1984, Karen Vierra was

watching television in the well lighted living room of her home. She saw a short man with a mustache standing near the dining room table on which currency and catalogues had been placed. Upon seeing the intruder, Vierra screamed. The individual immediately fled from the home.

Shortly thereafter, Vierra telephoned the police and gave them a description of the intruder. During the investigation the officers received information that a prowler had been apprehended in the neighborhood. An officer took Vierra to the scene of apprehension where she identified the prowler as the individual who had entered her home. The individual so identified is the appellant in this cause.

■ Appellant claims the trial court erred by allowing evidence of crimes other than those convictions involving infamous crimes or those involving dishonesty or false statements. At trial, Jeff Eads, appellant's friend and roommate, testified on direct examination that appellant had previously been imprisoned due to a criminal conviction in Florida. He further testified that he had known appellant for seven years and "he's never once made any kind of insinuation that he was going to break into anybody's house or take anybody's property or anything else like that".

On cross-examination, the State asked Eads to expand upon this testimony. Eads testified that appellant had entered a plea of guilty to entering a house in Florida and that appellant had also been arrested for fighting. He denied any other knowledge of criminal activity on the part of appellant. During cross-examination, appellant's counsel objected to the State being allowed to question Eads concerning appellant's prior criminal record. The court ruled the State could ask the questions because appellant had raised these issues on direct examination. The trial court was correct in its ruling. *See, Seaton v. State* (1985), Ind., 478 N.E.2d 51.

■ Appellant claims the verdict of the jury is not supported by sufficient evidence and is contrary to law. He claims that Vierra's identification of him is not supported by sufficient evidence. As above recited, Vierra positively identified appellant only a few minutes after she had seen him in her home. The fact that appellant had presented Eads and Glydia Mobley, his girl friend, as alibi witnesses merely raises a conflict in the evidence which this Court will not weigh on appeal. *Smith v. State* (1983), Ind., 454 N.E.2d 412.

■ Appellant also claims there is insufficient evidence to show that the person breaking into the Vierra home intended to commit a theft. It is his position that since he was standing near a table with money on it, but fled without taking the money, he lacked an intent to steal when he entered the residence. This again merely presents evidence to be weighed by the jury and not to be reweighed by this Court. *Id.*

It was well within the province of the jury to determine that appellant's failure to take anything from the table resulted from the fact that Vierra screamed and that appellant fled before having the opportunity to remove any goods from the premises. The fact that it was late at night and that appellant was in a home where he had not been invited was evidence from which the jury could infer that he was guilty of breaking into the home with intent to steal. *Jones v. State* (1983), Ind., 456 N.E.2d 1025.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents and is of the opinion that the evidence of intent to steal was insufficient.