Rodney GILLIAM, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 71S00–8604–CR–342.

Supreme Court of Indiana.

June 16, 1987.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Rodney Gilliam was convicted of attempted burglary. Ind.Code § 35–43–2–1 (Burns 1985), Ind.Code § 35–41–5–1 (Burns 1985). The trial court imposed a prison term of twelve years.

Among the issues raised by Gilliam in this direct appeal is the sufficiency of the evidence. Gilliam specifically claims that the evidence does not establish that he intended to commit a theft, the underlying felony charged, although it may have established breaking and entering.

The offense of burglary requires proof by the State that the defendant knowingly or intentionally broke and entered the building or structure with the intention to commit a certain felony therein. *Pratt v. State* (1986), Ind., 492 N.E.2d 300; *Easton v. State* (1967), 248 Ind. 338, 228 N.E.2d 6. To constitute a criminal attempt, the actor must have knowingly or intentionally engaged in a course of conduct planned to culminate in the commission of the substantive offense. The course of conduct must constitute a substantial step toward commission of the substantive offense and be strongly corroborative of the actor's criminal culpability to cause the proscribed result of the substantive offense. *Land v. State* (1984), Ind., 470 N.E.2d 697; *Armstrong v. State* (1982), Ind., 429 N.E.2d 647; *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507.

The evidence most favorable to the trial court's judgment indicates that at 5:30 a.m. on July 20, 1984, Warren Durrell was alone at home when he heard a noise coming from another bedroom. He walked into

this bedroom and pulled the curtain away from the window. He saw a man trying to enter the house. Indeed, the man had already managed to extend his arm eighteen inches into the house. The man then ran from the house. Durrell reported this incident to the police. An officer who responded to this dispatch drove to the area and found appellant one-half block from the house. Appellant was subsequently identified by Durrell and by a neighbor. Durrell testified that he did not find anything missing from his home.

A police officer testified that Gilliam stated upon interrogation that he had been arguing with his girlfriend at her house down the block. The defendant asserted that he had chased her outside, that she fell and knocked the screen out of the window frame of Durrell's house. His girlfriend's testimony corresponded to Gilliam's statement to the police.

Burglars rarely announce their intentions at the moment of entry, so the intent to commit a given felony is one fact which may be inferred from the circumstances. *Garcia v. State* (1984), Ind., 463 N.E.2d 1099. The State alleged that Gilliam attempted to enter the Durrell home with the intention of committing a theft. Because this Court does not weigh the evidence when deciding an appeal, the jury's verdict is upheld if there is substantial evidence of each element. Occasionally, this Court has upheld a verdict finding intent to steal from simple breaking and entering. *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841; *Carter v. State* (1976), 265 Ind. 535, 356 N.E.2d 220. More often, we have required that some fact in evidence point toward an intent to commit a specific felony once the perpetrator has entered the premises. *Sipes v. State* (1987), Ind., 505 N.E.2d 796 (evidence that defendant found standing in victim's house near a table on which currency had been placed adequately suggests theft); *Timmons v. State* (1986), Ind., 500 N.E.2d 1212 (defendant who broke into two businesses on same night, stealing at the first, may be inferred to intend theft at the second); *Aikens v. State* (1983), Ind., 443 N.E.2d 820 (intent to commit theft may not be inferred from break-

ing and entering alone); *Blackmon v. State* (1983), Ind., 455 N.E.2d 586 (defendant was in victim's garage without permission, opened a tool box, and moved various articles, suggesting theft); *Meadows v. State* (1981), Ind., 428 N.E.2d 1232 (items similar to those missing from ransacked house found on defendant adequate to suggest theft); *Anderson v. State* (1981), Ind., 426 N.E.2d 674 (intruder who said, "look, there's a big old T.V., too heavy to carry," deemed to intend theft), *overruled on other grounds, Rhyne v. State* (1983), Ind., 446 N.E.2d 970.

As the cited cases illustrate, the evidence need not be insurmountable, but only provide a solid basis to support a reasonable inference that the defendant intended to commit the underlying felony charged. However, in the case at bar, the State did not present any evidence from which the jury could have inferred the nature of the felony that appellant intended to commit when he broke and entered the premises.

The conviction is reversed and the cause is remanded with instructions to enter a conviction for the lesser included offense of attempted criminal trespass, upon which an instruction had been given.

DeBRULER, GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., dissents without opinion.