**Michael S. WHICKER, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 49S00–8604–CR–396.**

Supreme Court of Indiana.

Aug. 27, 1987.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Michael S. Whicker appeals his convictions for burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.), and for theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1985 Repl.). The trial court sentenced Whicker to concurrent terms of twelve years for the burglary and two years for the theft.

Whicker raises two issues on direct appeal:

1) Whether the evidence of "breaking and entering" and "intent to commit a felony" is sufficient to support the burglary conviction, and

2) Whether the conviction should be reversed on grounds of juror prejudice when one of the jurors is distantly related to the defendant.

The scene of the crime was the ninth floor of the Dearborn Hotel in Indianapolis. The hallway has doors on both sides and the only exits are the elevator and the stairs. Around 8 p.m. on August 8, 1985, Donald Trenkle took the elevator to the ninth floor. He lived in # 906. As he proceeded from the elevator to his room he saw two men, one of whom he identified as Whicker. He talked briefly with the two and entered his room. A few minutes later he heard someone kicking a door. There was the sound of breaking wood and there were several bangs. The noise came from down the hall, near the elevator. Unsure what to do, Trenkle waited in his room for a short time and then left to report the disturbance. On his way down the hall he noticed the wooden door of Lawrence McMullen's room was slightly open. McMullen lived in # 901, near the elevator. Someone pushed the door closed as Trenkle walked past. Trenkle reported what he had seen and heard to the hotel desk clerk, Daniel Fetherolf.

After Fetherolf called the police, he took the elevator to the ninth floor and noticed McMullen's door was ajar. Fetherolf nudged the door open and saw two men inside; one was Whicker. He observed a few items strewn about and saw a bag in the middle of the room. Fetherolf asked what they were doing, and Whicker said they were visiting "Mac." Fetherolf knew this was a lie because McMullen was downstairs having a drink in the bar. Whicker's companion then drew a knife, and Fetherolf backed away into the elevator. He took the elevator down. By the time Fetherolf reached the first floor the man with the knife, who had taken the stairs, was in the lobby. Fetherolf chased him. The man swiped at Fetherolf's face with the knife and knocked off his glasses before escaping.

Ten or fifteen seconds later the police arrived. At the same time Whicker came down the stairs and the police arrested him. As they were taking Whicker away, a pad of McMullen's checks fell from his clothing.

McMullen testified he left his residence locked. He found his door forced open, some of his possessions assembled in a trash bag in the middle of his room, and some checks missing.

I. *Sufficiency of Evidence*

Whicker argues the evidence is insufficient to support the burglary conviction. A burglar is a person "who breaks and enters the building or structure of another person,

with intent to commit a felony in it...." Ind.Code § 35–43–2–1 (Burns 1985 Repl.). He claims specifically the State did not prove beyond a reasonable doubt either of the two elements of burglary: "breaking and entering" and "intent to commit a felony." Whicker also asserts the burglary was not a class B felony.

As an appellate court, our review of evidence is limited. We will not weigh conflicting evidence nor judge the credibility of witnesses. *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. We consider the evidence favorable to the verdict and draw reasonable inferences from that evidence. *Hanks v. State* (1985), Ind., 484 N.E.2d 14.

■ To sustain a burglary conviction, evidence must exist to establish that the defendant did break and enter the premises. *Malott v. State* (1985), Ind., 485 N.E.2d 879 (broken window by itself insufficient to show breaking and entering). Whicker maintains none of the witnesses saw him break into the apartment. Although nobody saw Whicker actually break and enter the room, Trenkle saw the door was closed when he first walked by it. When he went to report the noise a few minutes later, he noticed the door open. In addition, Fetherolf talked to Whicker and his companion while the two were inside McMullen's room. This case is similar to *Richards v. State* (1985), Ind., 481 N.E.2d 1093, in which the police discovered the defendant and an accomplice in a room where they had no right to be and to which the door had been forced. The evidence of breaking and entering was sufficient in *Richards*, and it is sufficient here.

■ Whicker also challenges the adequacy of proof that he intended to commit a felony. He argues the evidence warrants a mere suspicion of intent. The evidence of intent need only provide a solid basis to support a reasonable inference that Whicker intended to commit a felony. *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270. The State showed that Whicker had the checks. The hotel clerk also observed Whicker in McMullen's room with a bag full of possessions. From this evidence the jury could properly conclude Whicker intended to commit a theft.

■ Whicker also argues the burglary was not a class B felony. Burglary "is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling...." Ind.Code § 35–43–2–1 (Burns 1985 Repl.). Whicker states his companion was armed with a deadly weapon, but he was not carrying a weapon. Because he was not armed he claims the crime was not a class B felony. The information, however, indicates the State sought a class B felony conviction because Whicker broke into McMullen's dwelling. McMullen lived in the room and kept his personal belongings there. As there is no serious question that the room was McMullen's dwelling, the burglary is a class B felony.

## II. *Juror Prejudice*

■ Whicker alleges he was prejudiced because one of the jurors was the aunt of his mother's nephew's wife. Our statute allows a party to challenge for cause a potential juror who is related within the fifth degree to the defendant. Ind.Code § 35–37–1–5(a)(4) (Burns 1985 Repl.). Although there is no evidence in the record to prove the juror was indeed the aunt of Whicker's mother's nephew's wife, such evidence would not support Whicker's claim because her relationship is not within the fifth degree.[1] Furthermore, the relationship is not likely to cause prejudice. The juror was related to the defendant and

---

1. To determine a degree of relationship the chain must go through a common ancestor. For instance, Whicker's mother is related in the first degree. His aunt or uncle is related in the third degree because his grandparents are the common ancestor and second degree. His mother's nephew or his cousin relate in the fourth degree. The blood line ends there, however, and though Whicker is related to his cousin's wife, he is not related to that wife's aunt.

probably as likely to be biased in his favor as prejudiced against him.

We affirm the trial court.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.