Kevin D. CREASY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 79S00–8602–CR–165.

Supreme Court of Indiana.

Feb. 2, 1988.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Kevin D. Creasy was tried before a jury and convicted of burglary, a Class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.). The trial court sentenced Creasy to fourteen years imprisonment. On direct appeal, Creasy raises the following issues:

1) Whether the evidence of (1) breaking and (2) intent to commit theft is sufficient to sustain the burglary conviction, and

2) Whether the trial court weighed improper aggravating circumstances resulting in a manifestly unreasonable sentence.

On January 31, 1986, just before 5 a.m., Mari Linkosky suddenly awoke to see a man standing a few feet away from where she had been sleeping in the second floor lounge of her sorority house in West Lafayette. The intruder did not see her and left the room. Linkosky woke up two of her sorority sisters, and they called the police. Officers Smith and Stants searched the house and found Creasy in the basement.

Creasy had entered the house through an unlocked back door which opened into a small storeroom. Another door in the storeroom led to the interior of the house. Once inside, Creasy made his way to the second floor of the house, where Linkosky saw him, and proceeded back to the basement, where the police found him.

Creasy had a knife and apron strings in his back pockets. He had cut the apron strings from a waiter's apron hanging in the storeroom near the door through which he entered the house. Creasy was holding a gray t-shirt that belonged to one of the women who lived in the house. He had taken the t-shirt from the laundry room, which was also near the point of entry.

### I. Sufficiency of Evidence

For burglary, the State must prove that the defendant knowingly or intentionally broke and entered the building with the intent to commit a felony therein. Ind. Code § 35–43–2–1 (Burns 1985 Repl.). Creasy claims the evidence did not establish either a breaking or intent to commit a felony therein.

In reviewing sufficiency claims, this Court will neither weigh the evidence nor judge the credibility of witnesses. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. We look at the evidence most favorable to the verdict and all reasonable inferences therefrom. *Jones v. State* (1983), Ind. 456 N.E.2d 1025. A verdict will not be reversed if there is substantial evidence of probative value from which a reasonable trier of fact could find the existence of each element of the alleged crime beyond a reasonable doubt. *Baker v. State* (1986), Ind., 491 N.E.2d 524.

Some physical movement of a structural impediment is necessary to support a finding of a breaking. Opening an unlocked door constitutes a breaking, *Trice v. State* (1986), Ind., 490 N.E.2d 757, as does pushing open a door which is slightly ajar. *Jacobs v. State* (1983), Ind.App., 454 N.E.2d 894.

The jury had sufficient evidence before it to find that Creasy entered the sorority house by opening the closed but unlocked exterior back door, or by pushing open the door that may have been slightly ajar. Although Creasy testified that both the exterior door and the interior door leading into the house were standing open, Officer Smith testified that he found no signs that the exterior door had been left standing open throughout the snowy night. Linkosky testified that all of the doors except the exterior door were checked every night. This suggests that the interior door leading into the house was closed. The inference that both doors were closed could reasonably be drawn from this evidence and supports the finding that there was a breaking.

Evidence of breaking and entering, without more, cannot serve as a basis from which to infer the intent to commit the predicate felony. *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270. Intent to commit a given felony may be inferred from circumstantial evidence of the nature

of the felony. *Timmons v. State* (1986), Ind., 500 N.E.2d 1212 (intent to commit theft inferred from fact that defendant had committed theft at another business the same night); *see also Sipes v. State* (1987), Ind., 505 N.E.2d 796 (intent to commit theft inferred from fact that defendant was discovered standing near a table with currency on it, even though defendant fled without taking anything).

■ Creasy was discovered on the second floor of a sorority house shortly before 5 a.m. in possession of property he stole from the premises. The relative value of the stolen property and the purpose for which it was stolen have no legal significance. The apron strings and t-shirt found in Creasy's possession were taken from rooms close to the point of entry. The jury was entitled to conclude from this evidence that Creasy formed the intent to commit theft prior to or contemporaneous with breaking and entering.

## II. Sentencing

Creasy challenges the enhancement of his sentence by four years on the ground that the trial judge improperly considered pending charges and arrests not reduced to convictions.

■ The presumptive sentence for Class B burglary is ten years; an additional ten years may be added for aggravating circumstances. Ind.Code § 35–50–2–5 (Burns 1985 Repl.). The decision to increase or decrease the sentence for a crime within the bounds of the sentencing statute rests within the discretion of the trial court. *Shippen v. State* (1985), Ind., 477 N.E.2d 903.

■ The trial court considered evidence of five separate incidents within four years resulting in charges of criminal mischief, intimidation, harassment, attempted burglary and rape. At the time of sentencing, the criminal mischief charge was pending and the others had been dismissed. A sentencing court may properly consider evidence of prior criminal conduct which, while not reduced to a conviction, nevertheless violated the standards in a criminal statute. *Stark v. State* (1986), Ind., 489 N.E.2d 43.

■ The trial court found four aggravating circumstances: appellant's past record of criminal behavior, the nature of the crime as a nighttime invasion of a sorority house, the threat of potential harm it represented, and the likelihood that the behavior could be repeated. The first and last of these are specific statutory grounds for enhancement. Ind.Code § 35–38–1–7 (Burns 1985 Repl.). The court found these aggravating factors outweighed the mitigating circumstance of lack of injury to person or property. The trial court's addition of four years to the standard sentence was quite reasonable, considering the offender was an individual with multiple arrests and criminal charges relating to harassment and violence upon women, and the offense was the burglary of a sorority house in the dead of night.

The trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.