Eugene STANLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00-8710-CR-975.

Supreme Court of Indiana.

Dec. 15, 1988.

Daniel L. Bella, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class C felony, and a finding that he is an habitual offender. He was sentenced to an enhanced term of thirty-eight (38) years.

The facts are: At approximately 6:45 a.m. on January 13, 1987, Dale Currie witnessed a person breaking into the home of his friend John Harper in Hammond, Indiana. Currie called the police and within a few minutes two police cars arrived. One officer went to the front of the house;

the other went to the rear of the house where he saw that the kitchen window had been broken. The officers entered the house where they found appellant in a bedroom. They discovered that a dresser had been opened, closet doors had been opened and the clothing pushed to one side, two shotgun shells belonging to Harper were lying on the dresser, Harper's wife's jewelry box had been opened and the contents tampered with, and the kitchen cabinets had been opened. Harper testified that the house had not been in such condition when he had left it earlier in the morning.

■ Appellant claims there is insufficient evidence to sustain the charge of burglary in that the State did not prove he intended to commit theft when he broke into the house. Because intent is a mental state of the actor, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances to determine intent. *Farno v. State* (1974), 159 Ind.App. 627, 308 N.E.2d 724.

■ Circumstantial evidence is sufficient if an inference may reasonably be drawn from that evidence which supports the verdict. *Brooks v. State* (1986), Ind., 497 N.E. 2d 210. In the instant case, the evidence is more than sufficient to support the verdict. Appellant had broken into a home where he had no right to be and had tampered with the contents thereof in the above-described manner. This is clearly sufficient to support the inference that he had an intent to commit theft following the breaking. *Jones v. State* (1983), Ind., 456 N.E.2d 1025.

■ Appellant contends there is insufficient evidence to support the finding that he is an habitual offender. He bases his contention upon the fact that he chose not to attend his trial in person but to listen to the trial over speakers located in an enclosed conference room at the rear of the courtroom. He thus claims that he was not properly identified as the person who the evidence showed had been convicted twice previously of felonies. We see no merit whatsoever to this contention.

Evidence consisting of photographs and fingerprints attached to commitment records for prior felonies is sufficient to support the jury's finding that the defendant committed those prior felonies. *Thomas v. State* (1984), Ind., 471 N.E.2d 677. In the case at bar, the State introduced four exhibits which consisted of documentation that one Eugene Lynn Stanley had been convicted of entering to commit a felony in August of 1974 and of burglary in December of 1979. The documentation consisted of certified copies of commitment papers of both convictions complete with fingerprints, photographs, and a physical description of the Eugene Stanley named in the papers.

The jury was also furnished with an exhibit which had been used in the first phase of the trial and admitted into evidence. It consisted of appellant Eugene Stanley's booking card from the case at bar as well as a photograph of Stanley. Officer Denny Seben, the keeper of records at the Lake County Police Department, identified the photograph as that of appellant. Additionally, Police Officer David Mouselong, who investigated the 1979 burglary, testified in the case at bar that the exhibit was a photograph of appellant Stanley in the 1979 case. The record before us clearly demonstrates that appellant was properly identified as the perpetrator of the two prior felonies. There is ample evidence to support the finding of the jury that he was an habitual offender.

Appellant claims it was a denial of due process of law to find him to be an habitual offender without first giving him notice that he was so charged. However, the record in this case shows that an information containing the habitual offender count dated January 14, 1987 was filed during appellant's trial on the instant burglary charge. Appellant made no objection to the filing of that charge at that time. The general rule is that an information may be amended at any time before, during, or after trial as long as the amendment does not prejudice the substantial rights of the accused. *Hegg v. State* (1987), Ind.,

514 N.E.2d 1061; *Cheney v. State* (1985), Ind., 486 N.E.2d 508.

We see no failure of due process in the filing of the habitual offender charge.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs except as to the untimely filed habitual offender charge.