**Kevin S. HAHN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

No. 18A02–8801–CR–26.

Court of Appeals of Indiana, Second District.

Feb. 8, 1989.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Kevin S. Hahn appeals his conviction for Burglary, a Class C felony. I.C. 35–43–2–1 (Burns Code Ed.Repl.1985). Because we reverse and remand for a new trial, we discuss only whether either or both of two instructions given were so misleading, in light of the evidence, as to have influenced the verdict. Stated conversely, unless we can say as a matter of law that the giving of both instructions was harmless beyond a reasonable doubt, we must reverse. *See Carter v. State* (1977) 266 Ind. 196, 361 N.E.2d 1208, *cert. denied* 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142 (1977); *Brewer v. State* (1969) 253 Ind. 154, 252 N.E.2d 429. The *Brewer* decision cited *Emge v. Sevedge*

(1948) 118 Ind.App. 277, 76 N.E.2d 687, *trans. denied,* a civil case, with approval. *Emge* held that prejudice is presumed from an erroneous instruction and reversal will lie unless "the verdict under proper instructions could not have been different." 118 Ind.App. at 285, 76 N.E.2d 687.

Hahn, age 18, went AWOL from the Army during basic training at Fort Sill, Oklahoma. He hitchhiked to Indianapolis to see his girlfriend. She would not allow him to stay with her but drove him to Muncie where he had formerly lived. On the night of March 26, 1987, after playing pool with a juvenile acquaintance, he entered Bob's Furniture Store through a broken second-story window after climbing to that level on an outside pole. The juvenile also entered the premises in the same manner but some moments later. Hahn testified that he merely wanted a place to stay the night, had been turned down by his mother, and was afraid to seek lodging from other family or friends because the Army would be looking for him. As a result of a triggered burglar alarm, police arrived.

Without question, Hahn broke and entered the premises. The only other evidence, however, which could reasonably bear upon intent was that when the officers arrived, a hole, perhaps one foot wide, was observed in the ceiling between the first and second floors and a bicycle had been moved on the second floor. No tools or implements likely to make such a hole were found, and Hahn and his juvenile accomplice (who had no charges pending against him) both testified that Hahn's foot went through the floor inadvertently and not intentionally. The bicycle was too large to be removed from the premises either through the hole or through the broken window.

There was no additional suspicious conduct by Hahn, other than when the officers arrived they found Hahn hidden under some mattresses. Although such conduct may not technically constitute flight, it is sufficiently evasive as to be considered as a factor in resolution of the question of intent.

Over defendant's objection, the court gave Final Instructions 11 and 12 which read respectively as follows:

"The mere breaking and entering of a building, alone, does not constitute evidence of an intent to commit a felony in that building. However, the necessary intent may be inferred from other evidence in the case, both direct and circumstantial, such as the time, force, manner and extent of the entry." Record at 76.

"The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, if proved, is not evidence of guilt. It is, however, evidence of consciousness of guilt." Record at 77.

Three very recent cases from our Supreme Court have held that time, force and manner of entry, even when coupled with flight is not sufficient to demonstrate a specific felonious intent, i.e., intent to commit theft, as here required, even though such evidence might demonstrate a general felonious intent.

In *Justice v. State* (1988) Ind., 530 N.E.2d 295, 297, the Court held:

"Evidence of breaking and entering, and evidence of flight are not probative unless tied to some other evidence which is strongly corroborative of the actor's intent. The evidence does not need to be insurmountable, but it must provide 'a solid basis to support a reasonable inference' that the defendant intended to commit the underlying felony. *Gilliam* [*v. State* (1987) ], 508 N.E.2d [1270] at 1271. While there is evidence of breaking and entering, and evidence of flight in this case, there is no evidence that *Justice touched, disturbed or even approached any valuable property.*" [1] (Emphasis supplied.)

---

1. The evidence here would permit a conclusion that Hahn moved the bicycle, but in light of the fact that it would not fit through the broken window, such conduct would not seem to meet the "strongly corroborative" requirement of *Justice v. State, supra.*

In *Gebhart v. State* (1988) Ind., 531 N.E. 2d 211, 212, the court held:

"Most recently, this court considered the question raised here, namely the sufficiency of the evidence of intent to steal in an attempted burglary case, in *Slaton v. State* (1987), Ind., 510 N.E.2d 1343. Slaton, like appellant in this case, was scared off from a residence and fled, after having broken and having entered, but before manifesting the nature of his unlawful purpose. Slaton used a knife and coathanger, while appellant used a tire tool. Slaton however, had entered and rummaged about in a car outside before breaking and entering into the residence. It was the evidence of that additional conduct in searching about in the car which brought the evidence of Slaton's intent to steal to the sufficiency level. There is no such additional measure of evidence here.[2]

The evidence here is insufficient in probative value to warrant the conclusion of a rational trier of fact, to a moral certainty beyond a reasonable doubt, that appellant had the intent to steal from the house. It might well support that conclusion by a preponderance of the evidence, but then this is a criminal case and not a civil one. It might well support the conclusion that appellant intended some undetermined sort of wrongdoing, mischief, misdeed, or immoral or illegal act. However that is not the issue to be resolved. A criminal conviction for burglary requires proof beyond a reasonable doubt of a specific criminal intent which coincides in time with the acts constituting the breaking and entering, and such specific criminal offense must be clearly stated in the charge. It is the crime as defined in the burglary statute which was charged in this case and which must have been proved. The evidence might well support a conviction for the crime defined in I.C. 35–43–2–2, criminal trespass, however that charge was not made. *Welch v. State* (1987), Ind. 509 N.E.2d 824."

Earlier, in *Gilliam v. State* (1987) Ind., 508 N.E.2d 1270, 1271, *trans. denied,* the Court stated:

"Occasionally, this Court has upheld a verdict finding intent to steal from simple breaking and entering. *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841; *Carter v. State* (1976), 265 Ind. 535, 356 N.E.2d 220. More often, we have required that some fact in evidence point toward an intent to commit a specific felony once the perpetrator has entered the premises. *Sipes v. State* (1987), Ind., 505 N.E.2d 796 (evidence that defendant found standing in victim's house near a table on which currency had been placed adequately suggests theft); *Timmons v. State* (1986), Ind., 500 N.E.2d 1212, *reh. denied,* (defendant who broke into two businesses on same night, stealing at the first, may be inferred to intend theft at the second); *Aikens v. State* (1983), Ind., 443 N.E.2d 820 (intent to commit theft may not be inferred from breaking and entering alone); *Blackmon v. State* (1983), Ind., 455 N.E.2d 586 (defendant was in victim's garage without permission, opened a tool box, and moved various articles, suggesting theft); *Meadows v. State* (1981), Ind., 428 N.E.2d 1232 (items similar to those missing from ransacked house found on defendant adequate to suggest theft); *Anderson v. State* (1981), Ind., 426 N.E.2d 674 (intruder who said, 'look, there's a big old T.V., too heavy to carry,' deemed to intend theft), *overruled on other grounds, Rhyne v. State* (1983), Ind., 446 N.E.2d 970.

As the cited cases illustrate, the evidence need not be insurmountable, but only provide a solid basis to support a reasonable inference that the defendant intended to commit the underlying felony charged."

Accordingly, to the extent that prior cases, beginning with *Lisenko v. State, supra,* 355 N.E.2d 841, have held that intent to commit theft may be inferred by time and manner of entry, even when coupled with flight, they have been impliedly

**2.** *See supra* note 1.

overruled.[3]

Cases which are to be distinguished and which involve the "strongly corroborative" additional evidence required by *Justice v. State, supra,* 530 N.E.2d 295, include: *Stanley v. State* (1988) Ind., 531 N.E.2d 484 (dresser drawer and closet opened with clothing disturbed, jewelry box opened and contents tampered with); *Gee v. State* (1988) Ind., 526 N.E.2d 1152 (residence "partially ransacked"); *Finley v. State* (1988) Ind., 525 N.E.2d 608 (defendant seen leaving premises carrying television set); *Whicker v. State* (1987) Ind., 511 N.E.2d 1062 (defendant earlier observed inside premises with trash bag full of victim's personal property which was abandoned when defendant fled in possession of a pad of victim's checks); *Slaton v. State, supra,* 510 N.E.2d 1343 (defendant rummaged through victim's car four days earlier and had victim's keys also missing four days earlier; defendant fled on both occasions); *Timmons v. State, supra,* 500 N.E.2d 1212 (defendant fled after discovery inside premises but had committed another burglary and consummated theft from nearby residence shortly before); *Pratt v. State* (1986) Ind., 492 N.E.2d 300 (guns removed from burglarized premises in possession of defendant); *Dziepak v. State* (1985) Ind., 483 N.E.2d 449 (residence ransacked and money missing); *Williams v. State* (1985) Ind., 481 N.E.2d 1319 (defendant broke and entered but when arrested had nothing from the residence in his possession nor had anything been removed or disturbed; however defendant admitted a burglary and a theft from a residence five houses north shortly before apprehension); *Blackmon v. State, supra,* 455 N.E.2d 586 (tool box opened and various articles moved about); *Aikens v. State, supra,* 443 N.E.2d 820

(co-defendant testified they broke in "to find some money"); *Meadows v. State, supra,* 428 N.E.2d 1232 (house ransacked and missing property found in defendant's possession); *Anderson v. State, supra,* 426 N.E.2d 674 (defendant or accomplice said, while inside the residence, "look, there's a big old T.V., too heavy to carry" and later in another room, "ain't nothing but a bunch of dolls in here"); *Sargent v. State* (1973) 2d Dist., 156 Ind.App. 469, 297 N.E.2d 459, *cited in Justice v. State, supra* (flight plus property from inside premises found outside under circumstances disclosing that defendant removed the items).

In the light of the evidence before us and in view of *Gebhart, supra; Justice, supra;* and *Gilliam, supra,* we hold that the two instructions hereinbefore quoted should not have been given. The instructions permit a conclusion that the "time, force, manner and intent of the entry" combined solely with Hahn's attempt to avoid discovery imply that Hahn intended to commit theft at the time of entry. The clear message of *Gebhart, Justice,* and *Gilliam* is to the contrary.

Because the evidence in this case is less than overwhelming and would permit a reasonable inference of innocence, the misleading nature of the instructions is magnified and therefore more likely to have influenced the verdict. *See Ford–El v. State,* (1989) 3d Dist. Ind.App., 533 N.E.2d 157.

The judgment is reversed and the cause is remanded for a new trial.

CONOVER, P.J., concurs with opinion.

BUCHANAN, J., dissents with opinion.

---

**3.** Cases representative of those deemed overruled include: *Sipes v. State, supra,* 505 N.E.2d 796 (in addition the case may be distinguished by the fact that when discovered, defendant fled leaving behind currency which had been placed upon a dining room table); *Correll v. State* (1985) Ind., 486 N.E.2d 497 (inference of intent to commit theft by demand for beer and a ride to another location); *Coble v. State* (1985) Ind., 476 N.E.2d 102 (intent to commit theft inferable rom time, manner and force of entry); *Beard v.*

*State* (1983) Ind., 448 N.E.2d 1078 (entry effected by use of hammer coupled only with flight); *Carter v. State, supra,* 356 N.E.2d 220 (defendant apprehended leaving premises which had been forcibly entered. He was armed with a revolver but no property inside the premises was missing or had been disturbed); *Coates v. State* (1985) 2d Dist. Ind.App., 487 N.E.2d 167; *Batie v. State* (1984) 4th Dist., Ind.App., 464 N.E.2d 1319, *trans. denied.*

CONOVER, Presiding Judge, concurring.

I concur with the majority, but wish to state my reasons for so doing.

First, I agree the instructions are erroneous in light of *Justice v. State* (1988), Ind., 530 N.E.2d 295; and *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270. Both cases reaffirm the proposition that intent to commit a felony may not be reasonably presumed from the fact of (a) breaking, (b) entering, and/or (c) flight, either singly, together, or in any combination thereof, as a matter of law, as I read these cases. Some other evidence which provides "a solid basis to support a reasonable inference" defendant intended to commit the underlying felony must be present before a jury reasonably may infer the intent necessary to convict a defendant of burglary. *Justice*, 530 N.E.2d at 297; *Gilliam*, 508 N.E. 2d at 1271. The evidence of breaking, entering, and flight "must be tied to some *other evidence* which is *strongly corroborative of the actor's intent." Justice, Id.* (emphasis mine).

Clearly in this case there is substantial evidence of (a) breaking, (b) entering, and (c) possibly, flight (although that is not as readily apparent as the first two). None of this evidence, either standing alone or in combination can give rise to a reasonable inference Hahn intended to commit a felony while inside the building, as a matter of law. Thus, the sole question is whether the mere moving of the bicycle (majority) next to the broken window (dissent) constitutes "strongly corroborative evidence" providing "a solid basis to support a reasonable inference" Hahn intended to commit the underlying felony of theft in this case.

Because we are to review this question as a matter of law under *Justice* and *Gilliam,* I do not believe the mere moving of a bicycle in a room where there is some evidence Hahn intended to spend the night rises to the required level of "strongly corroborative evidence" Hahn intended to commit theft. A reasonable inference Hahn intended to steal the bicycle cannot arise without some solid evidence Hahn attempted to take the bicycle from the premises, i.e., imbedded broken glass in the seat, cuts in the tires, or other evidence strongly suggesting such an attempt was made. While one may speculate that was his intent from the mere moving of the bicycle, such evidence does not rise to the required "solid basis" necessary to support a reasonable inference thereof.

For those reasons, I concur.

BUCHANAN, Judge, dissenting.

I dissent.

For reasons discussed below, I cannot agree that final instructions 11 and 12, when considered in conjunction with the evidence presented at trial, warrant a reversal of Hahn's conviction. While *Justice v. State* (1988), Ind., 530 N.E.2d 295, suggests that a criminal conviction cannot be affirmed if there is merely evidence of breaking and entering, and flight, it is clear that so long as there is some other evidence which strongly corroborates intent and provides a solid basis to support a reasonable inference of intent to commit the charged felony, the conviction should be affirmed. *See id.; see also Gebhart v. State* (1988), Ind., 531 N.E.2d 211; *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270. The *Justice* court recognized that although there was evidence of breaking and entering and evidence of flight, there was *no evidence* of record demonstrating "that *Justice touched, disturbed or even approached any valuable property." Justice, supra,* at 297 (emphasis supplied).

As the majority aptly observes, the evidence at trial permits a conclusion that Hahn moved the bicycle and placed it in front of the broken window. Although the evidence is inconclusive as to whether the bicycle could actually have fit through the broken window, *see record* at 176–77, the jury could have reasonably inferred that the placement of the bicycle in front of the window was corrobative of Hahn's intent to commit theft.

In *Blackmon v. State* (1983), Ind., 455 N.E.2d 586, our supreme court affirmed a burglary conviction when the evidence demonstrated that the defendant entered

the victim's garage through an unlocked window, opened a tool box, moved various articles, and unlocked a door between the garage and the victim's condominium. The *Blackmon* court recognized that the State was not required to prove a completed theft, and the jury could reasonably infer that Blackmon entered the garage with the intent to commit theft. *Id.; see also Slaton v. State* (1987), Ind., 510 N.E.2d 1343 (defendant's conduct of rummaging about in an automobile prior to breaking and entering and fleeing a nearby residence provided the additional measure of evidence necessary to prove the intent to steal); *Cooper v. State* (1984), Ind., 461 N.E.2d 1119 (a jury reasonably could infer that the defendant had the requisite intent to commit theft inside the dwelling he had broken into and entered when the evidence reflected that some of the victim's personal property was not in its customary place in the middle of one room and there was a broken window indicating entry by force); *but see Gilliam, supra* (conviction for burglary reversed when the State did not present *any evidence* from which the jury could have inferred the nature of the felony that the defendant intended to commit

when he broke and entered the premises).

In light of the evidence presented here, and Hahn's attempt to evade the police, I conclude the record reflects sufficient evidence of probative value which would support a conclusion that Hahn did not merely intend to commit *"some* undetermined sort of wrongdoing, mischief, misdeed, ... or illegal act." *See Gebhart, supra,* at 212 (emphasis supplied). Rather, the evidence presented strongly corroborates Hahn's intent, thereby providing the jury with a solid basis for a *reasonable inference* that Hahn intended to commit theft. *See Justice, supra.* I therefore must disagree that final instructions 11 and 12 as given were misleading so as to warrant the reversal of Hahn's conviction. The conviction should be affirmed.