Dale STRODE and Darrell J. Poppino, Defendants-Appellants,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–785A218

Court of Appeals of Indiana, Third District.

Dec. 23, 1985.

---

Charles A. Beck, Indianapolis, for appellant Dale Strode.

Belle T. Choate, Indianapolis, for appellant Darrell J. Poppino.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellants Dale Strode and Darrell J. Poppino were convicted of burglary, a Class C felony, pursuant to IND.CODE § 35–43–2–1, and theft, a Class D felony, pursuant to IND.CODE § 35–43–4–2. Strode and Poppino appeal their convictions raising two issues for this Court's review:

(1) whether the evidence was sufficient to sustain their convictions for burglary; and

(2) whether the evidence was sufficient to sustain their convictions for theft.

In reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of the witnesses. We view only the evidence most favorable to the State and the reasonable and logical inferences drawn therefrom. If there is substantial evidence of probative value as to every element of the crime charged, the verdict will not be set aside. *Oller v. State* (1984), Ind.App., 469 N.E.2d 1227. The evidence most favorable to the State is as follows.

At 12:31 A.M. on October 3, 1984, police responded to an alarm of an active break-in at the Solar Clean Car Wash. The car wash is an open place with no restricted access and is open for business 24 hours a day. Arriving within one and one-half minutes, Deputy Hammer observed three white males standing in the first bay of the car wash. Two of the three were Strode and Poppino. Upon Hammer's questioning, they said they were there to wash their car, which they had parked at the other end of the car wash. At this point, Hammer noticed that the access door to the coin box in the first bay was lying open and that the lock had been removed from it. The coin box requires some type of tool in order to open it. Hammer had been at this specific bay of the car wash only 30 to 45 minutes earlier to wash his patrol car, and at that time the coin box was intact. Upon investigation, Hammer found that the lock was also missing from the coin box in the third wash bay. He also found a car parked in the ninth wash bay. There were no other cars present at the car wash. He observed two padlocks inside the car, of a similar type to those in place on the other coin boxes' doors.

During a "pat-down" search of the appellants, officers recovered a wrench and a set of keys from Strode's person. One of the keys opened the two padlocks that had been discovered in the car. The owner of the car wash arrived shortly thereafter. He had not given anyone permission to open the locks. When he arrived he had a set of keys which also opened the padlocks found in the car.

A person who

1) breaks

2) and enters

3) the building or structure

4) of another person,

5) with intent to commit ·felony in it,

commits burglary, a Class C felony. IND. CODE § 35–43–2–1. Appellants contend that the breaking of the coin vaults in the car wash bays does not constitute the requisite breaking of a building or structure.

This question has never been addressed in Indiana. The State contends that the answer should rest upon a determination whether the coin box constitutes an "integral part" of a car wash structure. The "integral part" query comes from *Joy v. State* (1984), Ind.App., 460 N.E.2d 551, in which this Court determined that a fence surrounding a lumber yard was an integral part of a closed compound. The defendants' acts, in *Joy*, of either hopping over or cutting through the fence, in order to enter the lumber yard and remove items from within, constituted the requisite breaking of a building or structure.

To constitute the elements of breaking of a building or structure, some physical movement of a structural impediment is necessary. As the Court stated in *Joy*, "The fact that they crossed over a structure intended to keep them out is sufficient to establish a breaking occurred." *Id.* at 559, fn. 8.

In the present case, appellants did not break a structural impediment to entry. They were in a place with no restricted entry, and which was open to the public 24 hours each day. As a matter of law, then, the act of breaking open a coin box which is located in such a place, does not constitute the breaking of a building or structure as required by our burglary statute. Therefore, appellants' convictions for burglary are reversed.

■ Appellants also contend that the evidence is insufficient to support their convictions for theft. A person who

1) knowingly or intentionally
2) exerts unauthorized control
3) over property
4) of another person,
5) with intent to deprive the other person
6) of any part of its value or use,

commits theft. IND. CODE § 35–43–4–2.

The evidence, as stated previously, shows that appellants drove their car to the car wash and parked it at the other end from where they were apprehended. Locks belonging to the car wash were found on the floor of the vehicle which Deputy Hammer located at the other end of the car wash. He observed no other cars at the car wash. The owner of the car wash had not authorized anyone to remove the locks. This evidence is sufficient to establish that appellants knowingly or intentionally exerted unauthorized control over property of another person, with the intent to deprive the other person of any part of its value or use. Therefore, their convictions for theft are affirmed.

Affirmed in part and reversed in part.

STATON, P.J., and GARRARD, J., concur.