Larry C. JOHNSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 19A01–9803–CR–121.

Court of Appeals of Indiana.

Jan. 19, 1999.

Transfer Denied March 16, 1999.

Joseph L. Verkamp, Jasper, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Thomas D. Perkins, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Following a jury trial, Larry C. Johnson appeals his convictions for burglary[1] and resisting law enforcement,[2] and his habitual offender enhancement.[3] Johnson raises three issues for our review, which we restate as:

I.    Whether the evidence was sufficient to support Johnson's burglary conviction.

II.    Whether Johnson's due process rights were violated when he was led into the courthouse in restraints, in view of prospective jurors.

III.    Whether the trial court erred in enhancing Johnson's sentence.

We affirm.

---

1.  Ind.Code § 35–43–2–1 (1993).

2.  Ind.Code § 35–44–3–3 (1993).

3.  Ind.Code § 35–50–2–8 (1993).

The facts most favorable to the verdict reveal that Johnson and two companions entered a hardware store during business hours. One of them distracted the owner of the store while Johnson and the other went to the office located at the back of the store. The owner testified that he heard popping sounds coming from the direction of the office and ran to investigate. The owner saw Johnson and the other man near the entrance of the open office door, which had been locked. Johnson was convicted on all charges; this appeal ensued.

## I.

### Sufficiency of the Evidence

■ Johnson challenges the sufficiency of the evidence supporting his burglary conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

■ Johnson first contends that there was not sufficient evidence that he broke into "a building or structure," as required by the burglary statute. IC 35–43–2–1. Johnson argues that since the hardware store was open to the public, the inner door leading to the office did not make the office itself a separate structure. Johnson relies on *Strode v. State*, 486 N.E.2d 642 (Ind.Ct.App.1985). In *Strode*, the defendants broke into a coin box at a car wash. This court held that there was no breaking because the locked coin box was not a building or structure. *Id.* at 644. Johnson argues that the locked office in the hardware store is akin to the locked coin box in *Strode*, and therefore, he

did not break into a building or structure. We disagree. The office, although inside a building open to the public, was set off by a locked door. This inner door made the office itself a structure. *See Canaan v. State*, 541 N.E.2d 894 (Ind.1989), *cert. denied*, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 185 (1990); *Whicker v. State*, 511 N.E.2d 1062 (Ind. 1987).[4] Therefore, the office door presented a structural impediment and the State presented sufficient evidence from which the jury could infer that Johnson's act of forcing open the locked door constituted a breaking.

■ Johnson also contends that the State presented insufficient evidence that he entered into the office. Specifically, he argues that the only State witness who could place Johnson near the office gave conflicting versions of what he witnessed. It is within the province of the fact-finder to assess the truth and veracity of the witnesses' testimony. *Wear v. State*, 593 N.E.2d 1179, 1179 (Ind.1992). We will not impinge on the jury's resolution of these credibility disputes unless confronted with testimony of inherent improbability, or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Stout v. State*, 612 N.E.2d 1076, 1080 (Ind.Ct.App.1993), *trans. denied.* We will only overturn a conviction where a victim's testimony is so incredibly dubious or inherently improbable that it runs counter to human experience, and no reasonable person could believe it. *Id.* at 1080–81. Johnson has not convinced us that the witness's testimony was incredibly dubious or inherently improbable. At trial, the witness testified that one of the men was inside the office and the other was standing in the doorway. In a previous statement, the witness had stated that one man was outside of the office and the other was in the doorway. Regardless of which version the jury believed, the testimony was undisputed that the men fled from the office and out of the hardware store.

4. In *Canaan*, 541 N.E.2d at 906, our supreme court upheld the burglary conviction of a man who had broken into an individual apartment within an apartment building. The *Canaan* court was not presented with the question of whether the inner door to the apartment made the apartment itself a structure. However, by affirming the conviction, the court implicitly held that the inner door did create a separate structure. *Id.*

Similarly, in *Whicker*, 511 N.E.2d at 1064, the court implicitly held that an inner door to a hotel room in a hotel that was open to the public caused the hotel room to become a separate structure for purposes of the burglary statute.

Therefore, despite the minor discrepancy in the witness's testimony, there was evidence from which a reasonable person could infer that Johnson had entered the office.

## II.

### *Restraints*

■ Johnson contends that his due process rights were violated when four of his jurors saw him being led into the courthouse in handcuffs and shackles. We disagree. The fact that a defendant has been seen by jurors while being transported in handcuffs is not a basis for reversal, absent a showing of actual harm. *Jenkins v. State,* 492 N.E.2d 666, 669 (Ind.1986). The Indiana Supreme Court's decision in *Malott v. State,* 485 N.E.2d 879 (Ind.1985), is instructive in this regard. In *Malott,* the defendant, wearing manacles, was seen by prospective jurors while being escorted from the jail to the courthouse. During voir dire, these prospective jurors were questioned about their impressions regarding what they had observed. In upholding the trial court's denial of defendant's motion for mistrial, our supreme court held that potential jurors would reasonably expect that anyone in police custody would be restrained. Therefore, the court held that the essential fairness required in a trial was not lost by the potential jurors' observations of the defendant in a restrained state while being transported from the jail to the courtroom. *Id.* at 882. In addition, any potential prejudice was minimized by the trial court's voir dire on the subject. *Id.*

■ Similarly, Johnson was observed wearing handcuffs and shackles prior to the commencement of his trial, as he was being escorted from the jail to the courthouse. Although Johnson did not bring this up until after his trial had begun, the judge immediately questioned the jurors who had seen Johnson. Each of those jurors assured the trial judge that their impartiality would not be compromised by what they had seen. Therefore, Johnson has not shown that he was harmed by the jurors' observation of him in shackles.

## III.

### *Sentencing*

■ Johnson contends that the trial court erred in enhancing his burglary sentence by four years. This court will revise a sentence authorized by statute only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B); *Hurt v. State,* 657 N.E.2d 112, 114 (Ind.1995). The trial court has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State,* 567 N.E.2d 784, 790 (Ind.1991). Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence, and mitigating factors are not a mandatory consideration in sentencing. *Id.* at 791. Where the trial court finds aggravating or mitigating circumstances, it is required to state its reasons. The statement should include: an identification of the significant aggravating and mitigating circumstances, specific facts and reasons leading the court to find the existence of such circumstances and an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Slaton v. State,* 510 N.E.2d 1343, 1351 (Ind.1987).

■ Johnson argues that the trial court failed to adequately consider certain mandatory sentencing factors set forth in IND.CODE § 35–38–1–7.1 (1997). However, the transcript of the sentencing hearing reveals that the trial judge considered each of the relevant mandatory factors. In addition, the transcript reveals that the judge weighed the aggravating factor, Johnson's lengthy criminal history, against the mitigating factor, the hardship his incarceration would place on his family. The trial judge found that the aggravator outweighed the mitigator. Therefore, we hold that Johnson's enhanced sentence was reasonable.

Affirmed.

KIRSCH and ROBB, JJ., concur.