## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 19 2020, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy Noe Dudas
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daryl Barthalow,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 19, 2020<br><br>Court of Appeals Case No.<br>19A-CR-710<br><br>Appeal from the Wayne Circuit Court<br><br>The Honorable David A. Kolger, Judge<br><br>Trial Court Cause No.<br>89C01-1711-F2-20 |

**Mathias, Judge.**

[1] Daryl Barthalow ("Barthalow") was convicted after a jury trial in Wayne Circuit Court of Level 3 felony burglary. Barthalow appeals and argues that the State presented insufficient evidence to support his conviction.

[2] We affirm.

## Facts and Procedural History

[3] At the time relevant to this appeal, Joshua Mays ("Joshua") had been dating Barthalow's sister, Ashley. The couple broke up in early November 2017. Also at this time, Barthalow was dating Tessa Sittloh ("Tessa"), whose cousin, Crimson Pitcher ("Crimson") lived with Carry Sester ("Carry") in one side of a duplex in Richmond, Indiana.

[4] On November 10, 2017, Crimson, who was friends with Joshua, invited him and her cousin Tessa over to the duplex to drink. Tessa declined and decided to spend the evening with her boyfriend, Barthalow. That evening, Tessa dropped Joshua and Crimson off at the duplex. Inside the duplex, Joshua, Crimson, and Carry sat on a bed, drinking alcohol and listening to music. When Tessa went to Barthalow's home, she told him and his brother Jonathon that Crimson was hanging out with Joshua. Barthalow and Jonathon started talking and then left the home.

[5] Shortly thereafter, Crimson, Carry, and Joshua were still listening on the bed when they heard a loud bang and footsteps coming up the stairs to the second floor, where they were located. Barthalow and Jonathon, neither of whom had permission to enter the home, then burst into the room. Barthalow knocked

Joshua off the bed, and then he and Jonathan beat and kicked Joshua "all over the room." Tr. Vol. 1, p. 157. As he attacked Joshua, Barthalow said to him "this is for hittin' my sister" and "you want to hit my sister." *Id*. at 158; Tr. Vol. 2, p. 4. Joshua did not resist but curled up into a fetal position to protect himself. Barthalow grabbed Joshua and attempted to throw him out the second-story window, but Carry intervened and tried to pull Barthalow off of Joshua. Barthalow pushed Carry against the wall and told her that what he was doing was "none of [her] f'n business." Tr. Vol. 1, p. 158. Carry then attempted to call 911, but Barthalow knocked the phone out of her hand. Carry's sister, who lived on the other side of the duplex, arrived and informed Barthalow and Jonathon that she was calling the police. Barthalow and his brother then ceased their attack and left.

[6] Barthalow and Jonathon returned to Barthalow's home, where Tessa noticed that the brothers were agitated. Barthalow and Jonathon washed their hands, as Barthalow's hands were bloody and injured. Tessa overheard Jonathon tell someone on the phone that "it was taken care of." Tr. Vol. 2, p. 21.

[7] As a result of the attack, Joshua suffered multiple injuries, including facial contusions, a laceration on his ribcage, and a swollen ear. Joshua was "pretty bloody" and in "a lot of pain." Tr. Vol. 1, pp. 159, 212. Joshua's pain was severe enough that he was prescribed an opiate analgesic.

[8] On November 11, 2017, the State charged Barthalow with Level 2 felony burglary resulting in serious bodily injury and Level 5 felony battery resulting in

serious bodily injury. On October 15, 2018, the State added an additional charge of Level 3 felony burglary resulting in bodily injury and moved to dismiss the original charges. The trial court granted this motion, leaving only the charge of Level 3 felony burglary. A jury trial was held on February 12–14, 2019, at the conclusion of which the jury found Barthalow guilty as charged. On March 5, 2019, the trial court sentenced Barthalow to fourteen years of incarceration. Barthalow now appeals.[1]

## Standard of Review

Our standard of review on challenges to the sufficiency of the evidence is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses, and we respect the jury's exclusive province to weigh conflicting evidence. *Miller v. State*, 106 N.E.3d 1067, 1073 (Ind. Ct. App. 2018), *trans. denied*. We must consider only the probative evidence and reasonable inferences supporting the jury's verdict. *Id.* That is, we must affirm if the probative evidence and reasonable inferences drawn from this evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

To convict Barthalow of Level 3 felony burglary, the State was required to prove that he "did break and enter the dwelling of Crimson Pitcher and/or

---

[1] Barthalow's brother Jonathon was convicted of Level 3 felony battery as a result of his participation in the attack and sentenced to ten years of incarceration. *See Barthalow v. State*, 119 N.E.3d 204, 208 (Ind. Ct. App. 2019).

Carry Sester . . . with intent to commit a felony or theft in it, which resulted in bodily injury to Joshua Mays[.]" Appellant's App. p. 43; *see also* Ind. Code § 35-43-2-1(2) (defining Level 3 felony burglary as "break[ing] and enter[ing] the building or structure of another person, with intent to commit a felony or theft in it . . . result[ing] in bodily injury to any person other than a defendant[.]"). Barthalow argues that the State failed to prove that, when he broke and entered the duplex, his intent was to batter Joshua.[2]

[11] "Burglars rarely announce their intentions at the moment of entry[.]" *Baker v. State*, 968 N.E.2d 227, 229–30 (Ind. 2012) (quoting *Gilliam v. State*, 508 N.E.2d 1270, 1270 (Ind. 1988)). Thus, "a burglar's intent to commit a specific felony at the time of the breaking and entering 'may be inferred from the circumstances.'" *Id*. at 230 (citing *Gilliam*, 508 N.E.2d at 1270). Indeed, "[c]ircumstantial evidence alone is sufficient to sustain a burglary conviction." *Id.* (citation omitted). "Evidence of intent 'need not be insurmountable,' but there must be a 'specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony[.]'" *Id.* (quoting *Gilliam*, 508 N.E.2d at 1271; *Freshwater v. State*, 853 N.E.2d 941, 944 (Ind. 2006)).

---

[2] We note that, absent other circumstances, battery is a Class B misdemeanor. Ind. Code § 35-42-2-1(c). Battery is a Class A misdemeanor if it results in bodily injury to any other person, *id*. at § 1(d), a Level 6 felony if it results in moderate bodily injury to any other person, *id*. at § 1(e), and a Level 5 felony if it results in serious bodily injury to any other person. *Id*. at § 1(g).

Considering only the evidence favorable to the jury's verdict, and the reasonable inferences that can be drawn from this evidence, we conclude that the jury could reasonably conclude that, when Barthalow broke and entered the duplex, his intent was to commit the felony of battery resulting in at least moderate bodily injury. Specifically, there was evidence that Joshua and Barthalow's sister had recently ended their relationship. When Barthalow and his brother broke into the duplex, they immediately began to attack Joshua. And as Barthalow attacked Joshua, he stated that Joshua had either hit Barthalow's sister or wanted to hit her.

## Conclusion

The jury could reasonably conclude that, when he broke and entered the duplex, Barthalow had the intent to batter Joshua resulting in moderate bodily injury, which is a felony. *See Barthalow v. State*, 119 N.E.3d 204, 210 (Ind. Ct. App. 2019) (holding that there was evidence sufficient to establish Jonathon Barthalow's intent to cause moderate to serious bodily injury to Joshua where Jonathan and his brother broke into the duplex, went upstairs, attacked Joshua, and attempted to throw him out the window). We therefore affirm the judgment of the trial court.

Affirmed.

Kirsch, J., and Bailey, J., concur.